**UNITED STATES, Appellee,**

v.

**Private E2 Faamasinoga SAVUSA, 576–02–5245, United States Army, Appellant.**

**ACMR 8802645.**

U.S. Army Court of Military Review.

22 Aug. 1989.

---

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain George R. Johnson, JAGC (on brief).

Before DeFORD, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Pursuant to his pleas of guilty by exceptions and substitutions, the appellant was convicted by a military judge sitting as a general court-martial of conspiracy to commit assault and battery and assault with the intent to inflict grievous bodily harm in violation of Articles 81 and 128, Uniform Code of Military Justice, 10 U.S.C. § 881 and § 928 (1982) [hereinafter UCMJ]. His approved sentence includes a bad-conduct discharge, confinement for twenty months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

■ The appellant contends that the military judge erred by failing to strike testimony regarding the appellant's alleged lack of rehabilitative potential. During the sentencing proceeding, the appellant's battery commander testified that the appellant had no potential for rehabilitation and should not be retained in the Army. During cross-examination, the appellant's defense counsel established that the commander's opinion was based solely upon the severity of the offense and not upon the accused's individual character traits or duty performance. The appellant's defense counsel moved to strike the testimony of the appellant's battery commander, but the trial judge denied the motion. We find that the military judge erred in failing to grant the appellant's motion to strike.

In *United States v. Horner*, 22 M.J. 294 (C.M.A.1986), the Court of Military Appeals affirmed the admissibility of adverse opinion evidence of an accused's rehabilitative potential during sentencing proceedings but construed Rule for Courts–Martial 1001(b)(5) of the Manual for Courts–Martial, United States, 1984, to preclude admission where the witness' opinion is based solely on the deleterious nature of the offense rather than defective character and performance of the accused.

> Such testimony is simply not helpful to the sentencing authority.... The witnesses' function in this area is to impart his/her special insight into the *accused's* personal circumstances.... [Testimony may not be admitted] for the purpose of

telling the court-martial what offenses, in the witnesses' estimation, require punitive discharges or lengthy confinement, etc.

*United States v. Horner,* 22 M.J. at 296 (C.M.A.1986).

In a recent opinion, this court held that it was prejudicial error to deny a motion to strike testimony regarding rehabilitative potential based solely upon "the commander's view of the severity of the offense." *United States v. Scott,* 27 M.J. 889, 891 (A.C.M.R.1989). The court was, in large measure, influenced by "extensive positive defense evidence of rehabilitative potential." *Id.* In this regard, we note that the Court of Military Appeals has also held that:

[A] foundation must be laid to demonstrate that the witness does possess sufficient information and knowledge about the accused—his character, his performance of duty as a servicemember, his moral fiber, and his determination to be rehabilitated—to give a "rationally based" opinion. Of course, as in all cases, this requirement can be waived or agreed upon by the opposing party.

*United States v. Ohrt,* 28 M.J. 301, 304 (C.M.A.1989).

In the instant case, the battery commander testified on direct examination that he had known the accused for approximately six months, that he had observed him during field exercises and in garrison and that, in his opinion, he "does what he's told to in a working environment." As to appellant's rehabilitative potential, he testified:

In light of this incident, the severity, the violence of it, I don't think not as far as the Army goes. We can't use people like that ... [h]ow many times does it take to try to kill somebody?

On cross-examination, the commander reiterated his testimony by acknowledging that his negative opinion of appellant's potential was based solely on the incident from which the charges arose. The witness' testimony as to potential for further service was the equivalent of a request to the court for a punitive discharge. *See United States v. Ohrt,* 28 M.J. at 304–305.

In distinguishing this case from *Horner,* the trial judge focused on the commander's having observed the accused prior to trial for six months and having sat through "the entire providential part of the trial plus the testimony of [the victim]." He then ruled:

I infer from what he's said that the basis [for] his opinion [rests] on the facts and circumstances of this particular case and his knowledge of the accused, and [that] he's not simply expressing an opinion such as in *Horner.*

.    .    .    .    .

So it seems to be a considered tailored opinion and I'm going to permit it to stand.

We hold the commander's testimony should have been stricken pursuant to *Horner.* The commander's opinion would have been admissible if it had in fact been predicated upon his observation of the accused's character traits and duty performance. Although we generally defer to the trial judge's factual determinations because of his superior opportunity to observe and hear witnesses, *United States v. Albright,* 26 C.M.R. 408 (C.M.A.1958), the evidence of record is insufficient to support the military judge's inferential finding of fact. Contrary to the judge's finding, the commander's testimony in open court clearly and unequivocally establishes that the commander's opinion of appellant's rehabilitative potential was based solely upon the severity of the appellant's offense.

Testing for prejudice, we note that this case was tried by military judge sitting alone and that the appellant's sentence was substantially less than the maximum authorized punishment which could have included a dishonorable discharge and confinement for five and one-half years. Nevertheless, the record indicates that the judge considered the commander's comments in adjudging a sentence which included confinement for two years. Evidence in mitigation and extenuation includes the fact that the appellant was not the perpetrator of the offense but acted as a lookout while his friends brutally assaulted the victim and, further, that three members of his

chain of command, all noncommissioned officers who had observed appellant on a daily basis, unanimously attested to appellant's rehabilitative potential and the likelihood that he would not commit such misconduct in the future. In view of the foregoing, we are unable to conclude that the appellant was not prejudiced by the military judge's failure to strike the commander's testimony. *See United States v. Horner, supra,* at 296. "Even military judges are subject to some limitations in their ability to avoid prejudicial use of admitted evidence." *United States v. Kinman,* 25 M.J. 99, 101 (C.M.A.1987). Nor can we reliably determine what sentence would have been imposed had the error not occurred. *United States v. Sales,* 22 M.J. 305, 307 (C.M.A. 1986). Accordingly, a rehearing on the sentence is in order.

The findings are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge DeFORD and Judge FOREMAN concur.